Hall et ux. v. Bray.

the moneys thus advanced were distributed equally among the children ; and, indeed, it is impossible for us to presume that their necessities were so exactly similar as to have occasioned so exact a distribution. But, supposing it to have been equal, I think it requires no great labor to determine the question.

It is evident from the whole tenor of the will that the testator made a division of all his property, and a provision for the maintenance of his children which he deemed proper, and perhaps thought adequate. This disposition belonged to him as of right. He intended his children for trades, and, until they commenced their business, he wished that they should be kept together and maintained out of the profits of his property. He burthens his real estate with their maintenance. Hence, the executors had no right to apply the personal estate [212] for that purpose, or to expend it in any manner not authorized by the will. The will should have been a law to them, from which they were not warranted in swerving, unless under the directions of the Court of Chancery, Orphans' Court, or some such proper judicature. To assume such a power themselves was unjustifiable, and to sanction it would be to say they may set the will aside, and do what they themselves think expedient or proper. The law gives them no such power, nor ought they to possess it. Neither they nor we can destroy the will. The report of the auditors, therefore, disallowing this credit of £300, must be affirmed.

HALL AND WIFE v. BRAY, SURVIVING EXECUTOR.

An agreement by testator, after the execution of his will, to sell land therein devised, is not a revocation at law.

John Bray, by his will, dated January 27th, 1764, ordered his executors to sell a certain tract of land, calling it the land

he intended to give his daughter Susannah, and directed them to divide the money received from such sale among the children of his daughter Susannah.

The testator, after the date of the before mentioned will, entered into an agreement with one Jacob Swallow to sell the land, prepared articles for this purpose, and took bonds for the payment of the purchase money. No money, however, was received during the lifetime of the testator, nor was any deed executed by him for the property. Swallow assigned his right to Peter Haslett.

On the 9th of May, 1769, after the death of the testator, his executors conveyed the lands to Haslett, for £550, and this action being brought by a child of the testator's daughter Susannah, the question is, whether the agreement amounted to a revocation of the will, or whether the children of Susannah are entitled to the money arising from the sale.

PER CUR. Such an agreement is no revocation at law. An intention to sell does not revoke a will by which the property is devised. In equity, perhaps, it may be considered as an absolute disposition. *Powell on Dev.* 565, 593–4; *Abney* v. [213] *Miller,* 2 *Atk.* 593; *Rider* v. *Wager,* 2 *P. Wms.* 328; *Cotter* v. *Layer, Ibid.* 623; *Willet* v. *Sandford,* 1 *Vesey* 177; *Vernon* v. *Jones,* 2 *Vern.* 241; *Prec. in Chey.* 32; *Archer* v. *Bokenham,* 11 *Mod.* 148. See 1 *Bl. Rep.* 349.